■ In the Matter of the Arbitration between LEVY, HARKINS & COMPANY, INC., Respondent, and SAGE REALTY CORPORATION, Appellant. [606 NYS2d 681] —Order, Supreme Court, New York County (Milton L. Williams, J.), entered April 15, 1993, dismissing for lack of jurisdiction respondent Sage Realty Corporation's motion to vacate an arbitration award and petitioner Levy, Harkins & Company, Inc.'s cross-motion to confirm the same, unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a disposition of the motions on the merits.

Pursuant to a lease term providing therefor the parties arbitrated a dispute before the Real Estate Board of New York (REB) over the fair market rental value of the demised premises. Petitioner Levy, Harkins & Company, Inc., the tenant, had requested arbitration in September 1991. In October 1991, prior to the arbitration, Levy moved in the Supreme Court for an order pursuant to CPLR 3102 (c) granting it prearbitration disclosure, which was denied. The REB rendered an award in Levy's favor. The landlord, respondent Sage Realty Corporation, moved pursuant to CPLR 7511 for an order vacating the award, claiming misconduct by Levy and arbitral partiality. In opposition, Levy alleged, *inter alia,* that Sage had not properly commenced a CPLR article 75 proceeding, to which Sage replied that its vacatur motion was a

"subsequent application" under CPLR 7502 (a) following Levy's initiation of an article 75 special proceeding by virtue of its earlier October 1991 motion for pre-arbitration disclosure. The IAS Court, noting the lack of service of a petition, rejected Sage's argument and dismissed the motion and cross-motion for lack of jurisdiction. We reverse.

The IAS Court was correct in holding that a special proceeding had never been commenced as a result of Levy's October 1991 request for pre-arbitration disclosure since a CPLR 3102 (c) motion is one made "[b]efore an action is commenced, [for] disclosure to aid in bringing an action, to preserve information or to aid in arbitration." Whatever the nature of the jurisdiction obtained for disposition of the motion, it did not have an ongoing life. Once the motion was denied, the matter was closed. Notwithstanding, the IAS Court, in its discretion, should have overlooked the procedural deficiencies and disposed of the matter on the merits. (See, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:1a.) Both sides fully briefed and vigorously contested the issues. No other parties are involved. As a result of this procedural side-step, there has been a proliferation of needless litigation, including reargument and, most recently, renewal. We do not reach the merits since Sage has confined its argument to the procedural issue, which is the only basis for the IAS Court's determination. We remand for a disposition of the motions on the merits. Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.